**Aramayis MARGARYAN; Aghavni Mumjyan; Eliza Margaryan; Ani Margaryan; Alla Margaryan; Lusine Margaryan, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74446.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 23, 2004.

Gittel Gordon, Esq., Attorney At Law, Marina del Rey, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of The District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Carl H. McIntyre, Jr., Blair T. O'Connor, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, WARDLAW, and CLIFTON, Circuit Judges.

MEMORANDUM **

Aghavni Mumjyan, on behalf of her husband and minor children,[1] natives and citizens of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying the family's application for asylum, withholding of removal and relief under the Convention Against Torture ("the Convention"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding. *Lata v. INS*, 204 F.3d 1241, 1244–45 (9th Cir.2000). We dismiss the petition for re-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Aghavni Mumjyan is the lead petitioner. Ms. Mumjyan's family's claim is derivative of her claim.

view in part, grant it in part, and remand for further proceedings.

Mumjyan contends that counsel at her removal hearing provided ineffective assistance. Mumjyan never raised this issue before the BIA, and therefore has not exhausted her administrative remedies. *See Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000) ("We ... require an alien who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA"). Accordingly, we dismiss this portion of the petition for review for lack of jurisdiction.

We also dismiss for lack of jurisdiction Mumjyan's claim under the Convention because she failed to raise it with the BIA, *see Cortez–Acosta v. INS*, 234 F.3d 476, 480 (9th Cir.2000), and also failed to raise it in her opening brief to this court, *see Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

The IJ's finding that Mumjyan should have known certain facts about her religion is based on speculation. *See Bandari v. INS*, 227 F.3d 1160, 1167 (9th Cir.2000) (holding that "conjecture and speculation can never replace substantial evidence"). Accordingly, substantial evidence does not support the IJ's conclusion that Mumjyan did not testify credibly regarding her Jehovah's Witness membership. *See id.*

Because the IJ's adverse credibility finding was not supported by substantial evidence, we remand to the BIA for further proceedings for a decision on the merits of Mumjyan's asylum and withholding of removal claim. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

\* This panel unanimously finds this case suitable for decision without oral argument. See

**PETITION FOR REVIEW GRANTED AND REMANDED.**